101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Sheldon GOLUB and Golda Golub,
Plaintiffs-Counter-Defendants-Appellants,
v.
METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY,
Defendant-Counter-Claimant-Appellee.
 No. 94-9311.
 United States Court of Appeals,
Second Circuit.
 July 1, 1996.
 
 William H. Pauley III, Snitow & Pauley, New York City, for Appellants.
 Barry I. Levy, Shapiro, Beilly, Rosenberg, Albert & Fox, New York City, for Appellee.
 Present: NEWMAN, Chief Judge, JACOBS, CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Plaintiffs-counter-defendants-appellants Sheldon and Golda Golub appeal from the November 16, 1994, judgment of the District Court, after a jury trial, rejecting their claim of breach of contract and awarding defendant-counter-claimant-appellee Metropolitan Property & Casualty Insurance Co. ("Metropolitan") the amount of $596,642.36 on its counterclaim for reimbursement of an insurance payment. Plaintiffs contend that they are entitled to a new trial because (1) the jury's answers to certain interrogatories were inconsistent, (2) the District Judge's conduct of the trial was biased and prejudicial, and (3) the Court improperly admitted prejudicial evidence.
 
 
 4
 1. Inconsistent jury verdict. Plaintiffs contend that the jury's answers to Questions 3 and 4 of the verdict form were irreconcilably inconsistent. However, plaintiffs waived any entitlement to a new trial on this basis by failing to object before the jury was discharged. See Lavoie v. Pacific Press & Shear Co., 975 F.2d 48, 54 (2d Cir.1992). Plaintiffs' argument that they had no adequate opportunity to examine the verdict form for potential inconsistencies is without merit. Plaintiffs were advised of the exact wording of the interrogatories at issue the day before the verdict form was distributed to the jury. Moreover, the day-and-a-half of jury deliberations provided additional time for plaintiffs to evaluate the form. In this case, there is no reason why plaintiffs "should be allowed to sit by silently and yet be granted a new trial on appeal." Denny v. Ford Motor Co., 42 F.3d 106, 111 (2d Cir.1994).
 
 
 5
 Furthermore, after reviewing the record, we are satisfied that the jury's answers were not inconsistent. In assessing whether a jury's answers to interrogatories are inconsistent, "a reviewing court must adopt a view of the case, if there is one, that resolves any seeming inconsistency." See Brooks v. Brattleboro Memorial Hospital, 958 F.2d 525, 529 (2d Cir.1992) (quotation omitted). An examination of the entire trial record, including the Court's charge, is relevant to this inquiry. See Grant v. Westinghouse Electric Corp., 877 F.Supp. 806, 810 (E.D.N.Y.1995). Plaintiffs argue that the jury's findings that plaintiffs had submitted a false claim to Metropolitan, yet had not made any material misrepresentations to the company, are irreconcilably inconsistent. However, in light of the Court's instructions and the presentation of evidence to the jury, we agree with Metropolitan that Question 3 asked whether plaintiffs submitted a false claim in July 1991, while Question 4 asked whether plaintiffs made misrepresentations during the subsequent investigation of the submitted claim, particularly with respect to plaintiffs' examination under oath in September 1991. Considered in this light, the jury's affirmative response to Question 3 and negative response to Question 4 were not inconsistent.
 
 
 6
 2. Judge's conduct. Plaintiffs contend that they were deprived of a fair trial because of the District Judge's allegedly hostile and biased treatment of plaintiffs' trial counsel. Upon review of the trial transcript, we are satisfied that the District Judge's behavior towards plaintiffs' counsel, while at times somewhat brusque, was not "so prejudicial that it denied [the plaintiffs] a fair, as opposed to a perfect, trial." See United States v. Pisani, 773 F.2d 397, 402 (2d Cir.1985). A great number of the comments about which plaintiffs complain were made outside the presence of the jury, and therefore could not have prejudiced plaintiffs' case. Of the few statements made in front of the jury, the Judge's comments were directed at counsel rather than at plaintiffs, and thus "reflected not upon the merits of the case but rather on the way it was being handled." See United States v. DiTommaso, 817 F.2d 201, 220 (2d Cir.1987). In addition, many of the rebukes were warranted in response to counsel's improper questioning of witnesses or disregard of prior instructions. See, e.g., United States v. Roldan-Zapata, 916 F.2d 795, 807 (2d Cir.1990), cert. denied, 499 U.S. 940 (1991); Pisani, 773 F.2d at 403-04.
 
 
 7
 3. Evidentiary rulings. Plaintiffs contend that the Court erred in admitting into evidence documents relating to two outstanding adverse judgments against plaintiffs. The Court's decision to admit the evidence was not an abuse of discretion, but even if it were, an erroneous ruling on the admissibility of the evidence would lead to reversal only if "affirmance would be 'inconsistent with substantial justice.' " See Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 620 (2d Cir.1991) (quoting Fed.R.Civ.P. 61). This determination requires the appellate court to make an " 'assessment of the likelihood that the error affected the outcome of the case.' " Malek v. Federal Insurance Co., 994 F.2d 49, 55 (2d Cir.1993) (quoting Jordan v. Medley, 711 F.2d 211, 218 (D.C.Cir.1983)). There is no such likelihood in this case. The evidence of plaintiffs' fraudulent conduct was overwhelming. Moreover, the fact that the jury found plaintiffs liable on only one theory of fraud, rather than all four theories advanced by Metropolitan, indicates that the jury was not unduly influenced by the allegedly prejudicial evidence.